UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| MIKMAR, INC., *et al.*, | : | CASE NO. 1:20-cv-01313 |
| Plaintiffs, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 5] |
| vs. | : |  |
| WESTFIELD INSURANCE COMPANY, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Mikmar, Inc. ("Mikmar") and Michael's Inc. ("LaMalfa") filed claims for business income loss with Defendant Westfield Insurance Company ("Westfield").[1] Defendant denied Plaintiffs' claims.[2] Now, Plaintiffs sue Defendant on behalf of themselves and others similarly situated and claim Defendant wrongfully denied their claims. Plaintiffs seek declaratory and monetary relief.[3]

Plaintiffs filed the present class action in state court.[4] Defendant removed.[5] With their motion, Plaintiffs ask to have this case remanded to state court.[6] Defendant opposes.[7]

For the following reasons, the Court **DENIES** Plaintiffs' motion to remand.

---

[1] Doc. 1-2.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] Doc. 1.
[6] Docs. 5, 15.
[7] Docs. 10, 18.

Case No. 1:20-cv-01313
GWIN, J.

I. **Background**

Plaintiff Mikmar operates a hotel, and Plaintiff LaMalfa provides banquet and catering services.[8] The COVID-19 pandemic and related state and county "stay-at-home" orders impacted Plaintiffs' businesses.[9] Plaintiffs filed business interruption claims with Defendant insurer Westfield.[10] With their claims, Plaintiffs seek lost business income. Defendant denied the claims.[11]

Plaintiffs brought a class action suit against Defendant in state court.[12] Defendant removed to federal court under 28 U.S.C. § 1453.

With their lawsuit, Plaintiffs seek a declaratory judgment clarifying Plaintiffs' policy rights and Defendant's policy obligations. They also seek damages, claiming Defendant breached the insurance contract and covenant of good faith when it denied Plaintiffs' claims.[13]

Plaintiffs move to remand the class action to state court.[14] Plaintiffs argue this Court should decline jurisdiction over this declaratory judgment action.[15] Defendant opposes remand.[16] In addition, Defendant argues that Plaintiffs' case seeks damages in addition to seeking declaratory relief. Defendant says this Court must retain jurisdiction over the damages claims.[17] Moreover, Defendant contends the factors a court considers when

---

[8] Doc. 1-2 at 2.
[9] *Id.* at 7–9.
[10] *Id.* at 9.
[11] *Id.*
[12] Doc. 1-2.
[13] *Id.*
[14] Doc. 5.
[15] Docs. 5, 15.
[16] Docs. 10, 18.
[17] *Id.*

- 2 -

Case No. 1:20-cv-01313
GWIN, J.

determining whether to exercise jurisdiction over a declaratory relief claim support exercising jurisdiction here.[18]

## II. Legal Standards

Whether to exercise jurisdiction over a suit seeking declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, is discretionary.[19]

Following the Sixth Circuit's *Grand Trunk*[20] decision, a court considers five factors when determining whether to exercise jurisdiction:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.[21]

Under the fourth factor, courts further consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.[22]

---

[18] *Id.*
[19] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28. U.S.C.A. § 400, it was under no compulsion to exercise that jurisdiction.").
[20] *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984).
[21] *Id.* at 326.
[22] *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814–15 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

Case No. 1:20-cv-01313
GWIN, J.

These factors "direct the district court to consider three things: efficiency, fairness, and federalism."[23] "The relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case."[24]

### III. Discussion

On balance, the above factors weigh in favor of exercising jurisdiction over the declaratory judgment in this case.

#### A. *Grand Trunk* Factors One and Two

Factors one and two ask "whether the declaratory judgment will settle the controversy" and "serve a useful purpose in clarifying the legal relations in issue."[25] "[T]he inquiries required by these two factors often overlap substantially."[26] Typically, courts consider these factors in light of an on-going related state court action.[27] Without a parallel state case, the rationale for declining jurisdiction is weaker.[28]

In this case, a declaratory judgment would settle the controversy between Plaintiffs and Defendant and help clarify the legal relations in issue. Determining whether Defendant is obligated to cover Plaintiffs' business income loss is largely dipositive of whether Defendant breached its insurance contract when it denied Plaintiffs' claims.

---

[23] *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).
[24] *Id.*
[25] *Grand Trunk*, 746 F.2d at 326.
[26] *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 397 (6th Cir. 2019).
[27] *See W. World Ins. Co*, 773 F.3d at 760 (6th Cir. 2014) (acknowledging diverging precedent about whether a declaratory judgment between the insured and insurer must resolve the underlying state court action between the insured and a third-party or simply resolve the coverage dispute).
[28] *See Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

Case No. 1:20-cv-01313
GWIN, J.

Moreover, there is no directly related state case between the parties. Plaintiff asserts "there are literally hundreds of parallel state court cases that are adjudicating the same business income loss and other insurance coverage issues related to the pandemic."[29] But merely saying these cases are parallel does not make them so. The present dispute between Plaintiffs and Defendant does not "arise[] from and affect[] [these] pending [Ohio] lawsuit[s]."[30]

Plaintiffs' argument that these state cases create a risk that the Court will decide similar insurance law issues differently than Ohio courts is better addressed under the fourth *Grand Trunk* factor.[31]

The first and second *Grand Trunk* factors weigh in favor of keeping jurisdiction.

### B. *Grand Trunk* Factor Three

Factor three asks "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata.'"[32]

In this case, there is no evidence of procedural gamesmanship.[33] Plaintiffs, who are the natural plaintiffs,[34] sought a declaratory judgment and damages in state court. Defendant removed to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453.[35]

The third *Grand Trunk* factor is neutral.

---

[29] Doc. 5 at 7.
[30] *Grand Trunk*, 746 F.2d at 326.
[31] Doc. 15 at 4.
[32] *Grand Trunk*, 746 F.2d at 326.
[33] *See W. World Ins. Co*, 773 F.3d at 761.
[34] *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 558 (6th Cir. 2008).
[35] Plaintiffs argue for the first time in reply that this factor weighs against jurisdiction because Defendant improperly removed pursuant to § 1441(b)(2). Plaintiffs are mistaken. Defendant removed pursuant to § 1453, which states in pertinent part: "A class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought . . . ." 28 U.S.C. § 1453(b).

Case No. 1:20-cv-01313
GWIN, J.

### C. *Grand Trunk* Factor Four

Factor four asks "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction."[36] Courts further consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.[37]

"The first . . . sub-factor[] focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action."[38] Here, no parallel Ohio state case includes Plaintiffs and Defendant. Although similar policy language may be involved in other Ohio state cases, these parties are not. This sub-factor weighs in favor of retaining jurisdiction.

"The second sub-factor focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action."[39] State courts are generally "in a better position to evaluate novel questions of state law."[40] This case presents potentially new issues for insurance contract interpretation. And Ohio courts are currently considering these issues, albeit between different parties and with possibly different policy language. Still, Ohio courts are in a better position than federal courts to interpret Ohio law insurance contracts. This sub-factor weighs against jurisdiction.

---

[36] *Grand Trunk*, 746 F.2d at 326.
[37] *Flowers*, 513 F.3d at 560.
[38] *Id.*
[39] *Id.*
[40] *Id.*

- 6 -

Case No. 1:20-cv-01313
GWIN, J.

The third sub-factor "focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court."[41] "[E]ven in cases where state law has not been difficult to apply, [the Sixth Circuit] has usually found that the interpretation of insurance contracts is closely entwined with state public policy."[42] In this case, the Court must interpret Plaintiffs' policies under Ohio law to determine the parties' rights and obligations. This sub-factor weighs against exercising jurisdiction.

On the whole, the fourth *Grand Trunk* factor weighs against jurisdiction.

### D. *Grand Trunk* Factor Five

Factor five "asks 'whether there is an alternative remedy which is better or more effective' than federal declaratory relief."[43]

In this case, the Court cannot remand the entire suit to state court. At most, the Court can decline to exercise jurisdiction over the declaratory relief claim, remand it to an Ohio court, and stay the proceedings in this Court for the breach of contract and covenant of good faith claims.[44] While that may be an "alternative remedy," it is not more efficient. Resolving these claims in a single action is likely to save the parties and the Court time and resources.

The fifth *Grand Trunk* factor weighs in favor of keeping jurisdiction.

Considering the *Grand Trunk* factors, the Court finds that exercising jurisdiction over the declaratory relief claim is appropriate. As the Sixth Circuit has noted, "[w]hen a plaintiff

---

[41] *Flowers*, 513 F.3d at 561.
[42] *United Specialty Ins. Co.*, 936 F.3d at 399.
[43] *Id.* at 401 (quoting *Grand Trunk*, 746 F.2d at 326).
[44] "[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996); *see also Adrian Energy Assoc. v. Mich. Pub. Serv. Comm'n.*, 481 F.3d 414, 424–25 (6th Cir. 2007) (ordering the district court to enter a stay rather than dismissal on remand).

Case No. 1:20-cv-01313
GWIN, J.

seeks relief in addition to declaratory judgment, such as damages or injunctive relief, both of which a court *must address*, then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated, and a stay or dismissal would not save any judicial resources."[45] In this case, judicial efficiency demands outweigh federalism concerns.

## IV. Conclusion

The Court **DENIES** Plaintiffs Mikmar and LaMalfa's motion to remand. The Court finds the *Grand Trunk* factors weigh in favor of exercising jurisdiction over the declaratory relief claim.

IT IS SO ORDERED.

Dated: October 19, 2020      *s/     James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[45] *Adrian Energy Assoc.*, 481 F.3d at 422 (emphasis in original).